United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11103
Conference Calendar

DON BENNY ANDERSON,

Petitioner-Appellant,

versus

L.E. FLEMING, Warden Federal Medical Center-Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1144-A
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Don Benny Anderson, Federal prisoner # 060260-026, has appealed the district court's judgment dismissing his petition for a writ of habeas corpus, under 28 U.S.C. § 2241, challenging a conviction, in the United States District Court for the Eastern District of Virginia, for conspiracy, interstate transportation to commit arson, and damaging a building with an explosive device, in violation of 18 U.S.C. §§ 371, 1952, and 844(i). Anderson contends that the trial court was without jurisdiction

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the Government failed to establish that his offense resulted in a "commercial injury" and so affected interstate commerce.  Because the Government did not make such a showing, he contends, the Government lacked "standing" to prosecute him.

Anderson contends that he should be permitted to pursue this claim in a 28 U.S.C. § 2241 proceeding under the Savings Clause of 28 U.S.C. § 2255 because this claim is based upon a novel legal theory.  Anderson does not contend that the claim he wishes to assert is based upon a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.  Nor has he shown that his claim was foreclosed previously by circuit precedent.  Accordingly, he has not carried his burden of showing that his claim may be asserted under the Savings Clause.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  The appeal is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.